UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINDERELLA WONG,

Plaintiff,

-against-

CRYPTO CAPITOL LIVE,
DINO MILANCHO, JACOB MARANO,
JOHN DOES 1–10,

Defendants.

26-CV-4639 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging common law claims of fraud, conversion and unjust enrichment and requests expedited discovery. Named as Defendants are Crypto Capitol Live ("CCL"), "an online cryptocurrency investment and inheritance-related platform" (ECF 1 at 1, ¶ 2), Dino Milancho, Jacob Marano, and John Does 1 through 10. Plaintiff alleges that "Defendants concealed their true identities, locations, and business structures from Plaintiff." For the following reasons, the Court transfers this action to the United States District Court for the District of Hawaii.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court cannot determine whether venue in this district is proper under Section 1391(b)(1) because Plaintiff does not plead the residence of any defendant. Even if the Court did assume that Defendants reside in this district, and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Hawaii,[1] venue also would be proper under Section 1391(b)(2) in the District of Hawaii.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

[1] Plaintiff's belief that "certain cryptocurrency transactions were routed through identifiable cryptocurrency exchanges and related financial intermediaries" (ECF 1 at 3 ¶ 19) does not allege that the events giving rise to her claims occurred in the Southern District of New York.

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in or around Honolulu, Hawaii, where Plaintiff resides. Plaintiff alleges that in or around 2023, individuals associated with CCL contacted Plaintiff regarding "an alleged cryptocurrency investment and inheritance-related fund connected to Plaintiff's late partner." (ECF 1 at 2, ¶ 9.) CCL further "represented that cryptocurrency assets had been deposited and managed for Plaintiff's benefit and had grown substantially in value . . . approximately $970,000." (*Id.* at ¶¶ 10–11.) Defendants represented to Plaintiff that if Plaintiff paid various taxes, fees, charges, and expenses, then the assets in the fund would be released to her; Defendants later demanded cryptocurrency worth $500 to process the withdrawal. (*Id.* at ¶¶ 12 and 14.) Plaintiff made multiple payments to Defendants, including $7,000 to CCL, and $7,000 to Milancho. (*Id.* at ¶ 13.) Marano communicated with Plaintiff via electronic communications, providing forms and instructions. (*Id.* at ¶ 15.) Despite making these payments to Defendants, Plaintiff received no funds. (*Id.* at ¶ 16.)

Absent allegations of Defendants' residences, it is reasonable to expect that all relevant documents and witnesses would be found where Plaintiff resides. The District of Hawaii thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Hawaii. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Hawaii. Summonses shall not issue from this court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge